UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
STEVEN MANNEY and JOSEPH LEONARDO,
as assignees of Bassline Digital Inc.,

                   Plaintiffs,

- against-

RALF REICHERT and INTERGROOVE U.S., INC.,

                   Defendants.
-------------------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER**
**13 CV 4413 (SJF)(GRB)**

**FILED**
**IN CLERK'S OFFICE**
**U S DISTRICT COURT E D N Y**

★   SEP 2 6 2014   ★

**LONG ISLAND OFFICE**

On or about May 10, 2013, plaintiffs Steven Manney and Joseph Leonardo (collectively, "plaintiffs"), as assignees of Bassline Digital Inc. ("Bassline"), commenced an action in the Supreme Court of the State of New York, County of Nassau ("the state court") against defendant Intergroove U.S., Inc. ("Intergroove U.S.") and Ralf Reichert ("Reichert"), alleging one (1) claim seeking compensatory and punitive damages for fraud in the inducement. On August 5, 2013, Reichert filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, removing the action to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Thereafter, (1) plaintiffs moved pursuant to 28 U.S.C. § 1447(c) to remand this matter to the state court; (2) Reichert moved to dismiss the action against him pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure for lack of *in personam* jurisdiction, improper venue and failure to state a cause of action, respectively, and on the basis of *forum non conveniens*; and (3) plaintiffs moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Reichert's first motion to dismiss and his opposition to their motion to remand this action to the state court. By order dated March 28, 2014 ("the March Order"), plaintiffs' motions were denied, plaintiffs' claims against Intergroove U.S. were dismissed without prejudice pursuant to Rule 21

1

of the Federal Rules of Civil Procedure and decision was deferred on Reichert's motions to dismiss.

Pending before the Court, in addition to Reichert's motions to dismiss, are plaintiffs' motions (1) seeking, *inter alia*, leave to amend the complaint pursuant to Rules 15(a), 19 and 20 of the Federal Rules of Civil Procedure to join Intergroove Media GmbH ("Intergroove Media"), Peter Matthias ("P. Matthias") and Eva Matthias ("E. Matthias") as additional defendants in this action;[1] and (2) seeking reconsideration of the March Order pursuant to Local Civil Rule 6.3 and Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiffs' motion for reconsideration is granted; plaintiffs' motion to amend the complaint is denied; upon reconsideration, the Court adheres to its determination of the March Order; the branch of Reichert's first motion seeking dismissal of the complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; and the branch of Reichert's first motion seeking dismissal of the complaint against him pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue and his motion seeking dismissal of the complaint on the basis of *forum non conveniens* are denied as moot.

I.  Background

    A.  Factual Allegations in Original Complaint

        1.  The Parties

---

[1] Unbeknownst to the Court at the time the March Order was issued, plaintiffs had filed a motion to amend the complaint two (2) days earlier, i.e., on March 26, 2014. Due to an apparent clerical error, the motion to amend was not docketed until March 31, 2014, after the Court had issued the March Order.

Plaintiffs are citizens of the State of New York and commenced this action as the assignees of Bassline, a Delaware corporation licensed to do business in the State of New York which has its principal place of business in New York. (Complaint ["Compl."], ¶ 1). Plaintiffs are primarily engaged in the business of video production. (Compl., ¶ 5).

Reichert is a resident of Offenbach, Germany and a citizen of the Federal Republic of Germany. (Notice of Removal ["Rem."], ¶ 7). Reichert is the managing director of Intergroove Media, formerly known as Intergroove Tontrager Vertreibs GMBH, (Compl., ¶¶ 2, 6; see Rem., ¶ 12 [referring to Reichert as Intergroove Media's managing director]), which, according to plaintiffs, is a German corporation with its principal places of business in Frankfurt and Offenbach Am Main, Germany. (Compl., ¶ 2). Intergroove Media "is engaged in the business of distributing pre-recorded videos (DVDs) and pre-recorded music." (Compl., ¶ 6).

Plaintiffs allege, "[u]pon information and belief," that Intergroove U.S. is a New York corporation with a principal place of business at 622 Broadway, Suite 3b, New York, New York 10012, and is a wholly-owned subsidiary of Intergroove Media. (Compl., ¶¶ 3, 7).

### 2.    The Parties' Business Relationship

Plaintiffs allege that between approximately June 28, 2008 through July 9, 2008, P. Matthias traveled to New York and met with them. (Compl., ¶ 8). According to plaintiffs, during that time: (1) it was agreed that P. Matthias would be their "exclusive agent/ representative in Europe in order to solicit Plaintiffs [sic] video service," (id.); and (2) "Intergroove [Media] was discussed[.]" (Id.).

Plaintiffs allege that in September 2008, P. Matthias "negotiated a deal with Intergroove

[Media]." (Compl., ¶ 8). According to plaintiffs, "[P.] Matthias was to share with [them] in the revenue generated from Intergroove [Media]." Id.

In late November 2008, "[P.] Matthias arranged a meeting with Plaintiffs and Ralf Reichert[,] managing director of Intergroove [Media], and in late December 2008 an agreement was reached." (Compl., ¶ 9). According to plaintiffs, "[o]n or about December 23, 2008, after being contacted by [P.] Matthias, [they] through Bassline * * *, entered into a contract ["the December 2008 Contract"] whereby Bassline would deliver approximately twenty-five (25) to thirty (30) video productions to Intergroove [Media], and Intergroove [Media] would pay Bassline at a rate of $650.00 per hour for the Plaintiff's [sic] services * * *." (Compl., ¶ 10).

Plaintiffs allege that between approximately January 2009 and July 2009, they delivered twenty-seven (27) video productions to Intergroove Media "in a timely manner" pursuant to the December 2008 Contract, (Compl., ¶ 11), and sent several invoices to Intergroove Media requesting payment for their services. (Compl., ¶ 12). Specifically, plaintiffs sent the following invoices to Intergroove Media: (a) a February 1, 2009 invoice containing total charges of one hundred eighty thousand seven hundred dollars ($180,700.00); (b) a March 1, 2009 invoice containing total charges of one hundred ninety-one thousand four hundred twenty-five dollars ($191,425.00); (c) an April 1, 2009 invoice containing total charges of sixty-six thousand nine hundred fifty dollars ($66,950.00); (d) a May 1, 2009 invoice containing total charges of one hundred fifty-one thousand four hundred fifty dollars ($151,450.00); and (e) a June 1, 2009 invoice containing total charges of one hundred ninety-one thousand one hundred dollars ($191,100.00). (Id.)

According to plaintiffs, on or about March 29, 2009 and June 30, 2009, Intergroove

4

Media made payments of nine thousand four hundred fourteen dollars and seventy-five cents ($9,414.75) and seven thousand six hundred seventy-five dollars and twenty cents ($7,675.20), respectively, towards the balance due them. (Compl., ¶¶ 13-14). In addition, on or about July 6, 2009, plaintiffs "made an adjustment to the amount of $433.05 to Intergroove [Media]." (Compl., ¶ 15). Thus, according to plaintiffs, "[a]s of July 7, 2009, and continuing to the current date, pursuant to the December [2008] Contract, Intergroove [Media] has a balance due and owing to the Plaintiffs in the sum of $764,102.00." (Compl., ¶ 16).

On or about June 29, 2009, plaintiffs met with Reichert and P. Matthias in Germany to demand payment from Intergroove Media on the balance due them of the invoices. (Compl., ¶¶ 17-18). According to plaintiffs, Reichert promised to provide payment "and stated that they [sic] had a subsidiary corporation which was to be a guarantor that payments would be made." (Compl., ¶ 19). "The subsidiary corporation being the defendant Intergroove U.S., Inc." (Id.)

Plaintiffs allege that "[n]o payments were forthcoming, and it was discovered by [them] that Ralf Reichert and [P.] Matthias made a new deal with another corporation, thus eliminating [them] from any further involvement with the Defendants." (Compl., ¶ 20; see also Compl., ¶ 29 ["Plaintiffs subsequently discovered that the Defendant Reichert had made arrangements with another company to do work for Intergroove [Media] with Reichert's approval and thus eliminating the Plaintiffs from participation of the proceeds."]) According to plaintiffs, they "demanded payment from the guarantor Intergroove U.S. which was refused." (Compl., ¶ 30).

Plaintiffs allege, "[u]pon information and belief," that Reichert "received the proceeds [for plaintiffs' video productions] from Intergroove [Media] without remitting any portion due to [them] and * * * is wrongfully in possession of [their] money." (Compl., ¶ 31).

5

B.    Factual Allegations in Proposed Amended Complaint

The following additional facts are alleged in the proposed amended complaint:

P. Matthias and E. Matthias (collectively, "the Matthias defendants") are German Nationals who reside in Kembs, France, (Amended Complaint ["Amend. Compl."], ¶ 5), and, "upon information and belief," are "individuals who acted as private entrepreneurs, and undisclosed agents and intermediaries of Intergroove [Media] * * *." (Amend. Compl., ¶ 9).

In addition to alleging that Intergroove U.S. is a wholly owned subsidiary of Intergroove Media, the proposed amended complaint also alleges, "upon information and belief," that Intergroove U.S. "has acted as a mere instrumentality of Intergroove [Media], subject to the complete control and domination of Intergroove [Media] and doing business and operating as Intergroove [Media] in the United States and has been in all respects the alter ego of Intergroove [Media]." (Amend. Compl., ¶ 8).

The proposed amended complaint alleges: (1) that during plaintiffs' meetings with the Matthias defendants in June and July 2008, the Matthias defendants, in addition to making the representations alleged in the original complaint, "falsely and fraudulently failed to disclose and concealed the truth that they were already acting as agents for Intergroove [Media] * * * with intent * * * to defraud and deceive the plaintiffs[,]" (Amend. Compl., ¶ 11); (2) that "[p]laintiffs did not know the truth and relied on the false misrepresentations and concealments to [their] detriment[,]" (id.); (3) that on or about July 5, 2008, the Matthias defendants "further stated and represented to Manney that Intergroove [Media] maintained a New York office operating as [Intergroove] U.S.[,]" (Amend. Compl., ¶ 12); and (4) that on or about July 6, 2008, "P. Matthias during conversations with Leonardo * * * repeated essentially the identical representations to

6

Leonardo[,]" (id.).

In addition, the proposed amended complaint alleges that on or about July 7, 2008, Manney asked the Matthias defendants "if they could arrange work for Plaintiffs [sic] video service company through the [Intergroove] U.S. office after they had further explained that [Intergroove] U.S. was located in lower Manhattan." (Amend. Compl., ¶ 13). According to plaintiffs, the Matthias defendants (1) represented to Manney (a) "that Intergroove [Media] handled some of the [Intergroove] U.S. affairs through the parent company Intergroove [Media] located abroad in Offenbach, Germany[,]" (Amend. Compl., ¶ 14); (b) "that they had an informal and casual business relationship with Intergroove [Media], Ralf Reichert and an individual and financier named Joachim Keil ('Keil') whereby they had acted as independent agents for sellers of products in sales to Intergroove [Media], when in truth [they] had acted as agents for Intergroove [Media] * * *[,]" (Amend. Compl., ¶ 15); (c) "that Keil was the owner of a music company called Daredo * * * and that Keil and Reichert conduct business deals together in the field of music publishing[,]" (Amend. Compl., ¶ 16); (d) "that Daredo also had an office in lower Manhattan and that [Intergroove] U.S. sub-distributed Daredo product [sic] in New York State and across the United States[,]" (Amend. Compl., ¶ 17); and (e) "that P. Matthias had been travelling [sic] back and forth to New York from Europe as an agent for Daredo and Keil[,]" (Amend. Compl., ¶ 18), (2) invited plaintiffs "to visit Intergroove [Media] for purpose [sic] of introduction to Reichert[,]" (Amend. Compl., ¶ 19), and (3) "requested that Plaintiffs provide samples of video productions to them for Reichert's viewing and approval prior to Plaintiff's [sic] arrival in Germany, and to further bring additional samples of work upon arrival in Germany for the express purpose of letting Reichert view and discuss them with Plaintiffs[,]"

7

(Amend. Compl., ¶ 20).

Plaintiffs allege, "upon information and belief," that during the September 2008 negotiations with Intergroove Media, the Matthias defendants, while "purport[ing] to be acting as agents for the plaintiff [sic]," "were being simultaneously compensated for their services as undisclosed agents of Intergroove [Media] and falsely and fraudulently failed and refused to disclose the truth thereof to plaintiffs and thereby fraudulently concealed such facts from plaintiffs while being under a legal duty to have disclosed the truth of such facts to plaintiffs * * * with the intent to defraud and deceive the plaintiffs[,]" (Amend. Compl., ¶ 21).

The proposed amended complaint further alleges, for the first time, and only after Reichert moved to dismiss the complaint pursuant to, *inter alia*, Rule 12(b)(6) for failure to state a claim for relief, that during the December 23, 2008 meeting: (1) Reichert "stat[ed] to Plaintiffs that initial payments would be tendered from the Intergroove [Media] office in Germany and that [Intergroove] U.S. would be used as a guarantor if the German Intergroove [Media] office failed to make payments for services," (Amend. Compl., ¶ 24)[2]; and (2) "P. Matthias also assured Plaintiffs that [Intergroove] U.S. would be used as a guarantor for payment if the German Intergroove [Media] office failed to make payments for services[,]" (Amend. Compl., ¶ 25).[3]

_____

[2] Notably, as can be seen from the procedural history set forth below, the proposed amended complaint constitutes, in essence, the fourth time plaintiffs have re-pleaded Bassline's claims relating to the December 2008 Contract since Bassline filed the complaint in the First Action, yet this is the first time plaintiffs ever alleged that Reichert made any misrepresentations to them during the December 2008 meeting. (See Complaint in First Action, ¶¶ 9, 17-18, 50; Complaint in Second Action ["Second Action Compl."], ¶¶ 11-12, 20-21; Complaint in Third Action, ¶¶ 11-12, 18; Compl., ¶¶ 9-10, 19, 25).

[3] The complaint in the Second Action asserted a fraudulent inducement claim against Intergroove Media, Intergroove U.S. and the Matthias defendants based upon, *inter alia*, their purported failure "to advise Plaintiffs that they had no intention of paying *any further money* to

8

## C.    Procedural History

### 1.    Previous Litigation

On January 11, 2010, Bassline commenced an action in this Court against Intergroove Media ("the First Action"), alleging claims for breach of contract; goods and services sold and delivered; implied contract; unjust enrichment; and promissory estoppel, which was assigned to the Honorable Arthur D. Spatt, United States District Judge, under docket number 10-cv-0097. On March 26, 2010, Senior Judge Spatt entered a default judgment against Intergroove Media based upon its failure to answer the complaint or to otherwise appear in the First Action, and referred the matter to the Honorable E. Thomas Boyle, former United States Magistrate Judge, to hear and determine the amount of damages to be awarded to Bassline. Magistrate Judge Boyle issued a report and recommendation dated July 29, 2010 ("the Report"), recommending that the default judgment against Intergroove Media be vacated for lack of personal jurisdiction since Intergroove Media had never been served with process in that action. By memorandum of decision and order dated October 7, 2010, Senior Judge Spatt adopted the Report in its entirety; vacated the default judgment against Intergroove Media; and dismissed Bassline's complaint against Intergroove Media in the First Action without prejudice based upon Bassline's failure to

---

the[m] * * * [,]" (id., ¶ 50) (emphasis added), thus, indicating that those representations were made only after Intergroove Media had made the partial payments in March and/or June 2009. Since Intergroove Media, as a corporation, can only act through a representative and Reichert, in his capacity as Intergroove Media's managing director, is the only representative of Intergroove Media alleged to be present at the December 2008 meeting, the only plausible inference is that it was Reichert who allegedly made such representation on behalf of Intergroove Media. Notably, in the Third Action commenced by plaintiffs against Intergroove Media, Intergroove U.S. and the Matthias defendants, plaintiffs omitted, presumably intentionally, the very same fraudulent inducement claim that they asserted in the Second Action against those same defendants and which they now seek to again assert against Intergroove Media and the Matthias defendants in this action.

effect proper service upon Intergroove Media. Judgment was entered against Bassline in the First Action on October 13, 2010.

On or about July 12, 2010, plaintiffs, in their purported capacity as "assignees of Bassline Digital Inc.," commenced an action ("the Second Action") against Intergroove Media, the Matthias defendants and Intergroove U.S. in the state court, alleging the same claims against Intergroove Media as had been asserted in the First Action, with the exception that they omitted their claim based upon promissory estoppel and added a claim seeking damages for fraud in the inducement.[4] Specifically, the complaint in the Second Action asserted claims for breach of contract; work, labor and services rendered; implied contract; unjust enrichment; and fraud in the inducement relating to the purported failure of Intergroove Media, the Matthias defendants and Intergroove U.S. to pay invoices sent to Intergroove Media on February 1, 2009, March 1, 2009, April 1, 2009, May 1, 2009 and June 1, 2009 in the total amount of seven hundred sixty-four thousand one hundred two dollars ($764,102.00). On October 1, 2010, Intergroove Media removed the Second Action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, and the action was assigned to me under docket number 10-cv-4493. By order dated November 30, 2011, *inter alia*, the branches of the defendants' respective motions seeking dismissal of the Second Action based upon plaintiffs'

---

[4] With respect to their claim for fraud in the inducement, plaintiffs alleged in the Second Action, in relevant part: (1) that Intergroove Media, Intergroove U.S. and the Matthias defendants "made materially false and misleading representations to [them] by failing to advise them that they had no intention of paying any further money to the Plaintiffs[,]" (Second Action Compl., ¶ 50); and (2) that they "were induced by and relied on, * * * Intergroove [Media] and [the] Matthias [defendants] that payment would be made and that as insurance defendants had a New York Corporation that would insure said payment, and Plaintiffs did not know that * * * Intergroove [Media] had no intention of making payments[,]" (id., ¶ 51).

lack of legal capacity to sue were granted and the Second Action was dismissed in its entirety without prejudice. Judgment was entered against plaintiffs in the Second Action on December 6, 2011. By opinion and order dated September 28, 2012, plaintiffs' motion for reconsideration of the November 30, 2011 order and final judgment was denied. By opinion and order dated March 24, 2014, plaintiffs' subsequent motion seeking relief from the September 28, 2012 order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was denied.

On or about October 10, 2012, plaintiffs, as assignees of Bassline,[5] commenced another action in the state court against Intergroove Media, the Matthias defendants and Intergroove U.S. ("the Third Action"), asserting claims seeking damages in the total amount of only sixty-six thousand nine hundred fifty dollars ($66,950.00), plus interest and costs, for breach of contract; work, labor and services rendered; implied contract; and unjust enrichment relating to the purported failure of Intergroove Media, Intergroove U.S. and the Matthias defendants to pay only the invoice sent to Intergroove Media on April 1, 2009.[6] On January 3, 2013, Intergroove Media

---

[5] In the Third Action, plaintiffs submitted, for the first time, evidence showing: (1) that on March 29, 2012, Bassline filed an application for authority to do business in the State of New York; (2) that as of October 19, 2012, Bassline was still authorized to do business in the State of New York; (3) that a Certificate of Renewal for Bassline was filed with the Secretary of State of the State of Delaware on December 6, 2011; and (4) that Bassline is a corporation in good standing and has a legal corporate existence in the State of Delaware. (Plaintiffs' Memorandum of Law in Support of Motion to Remand ["Plf. Mem."], Ex. 1). Thus, unlike in the Second Action, plaintiffs demonstrated in the Third Action that they did not lack the legal capacity to sue as assignees of Bassline in that action.

[6] All of plaintiffs' claims in the Third Action were pled in the alternative and plaintiffs omitted their claim for fraud in the inducement that they had asserted in the Second Action against those same defendants, i.e., Intergroove Media, Intergroove U.S., and the Matthias defendants. By pleading four (4) of the same five (5) claims as they asserted in the Second Action against the same defendants, it is presumed that plaintiffs' omission of the fraudulent inducement claim in the Third Action was intentional and strategic, insofar as, unlike the other four (4) claims pled in the alternative, "a claim based on fraudulent inducement of a contract is separate and distinct

removed the Third Action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, and the Third Action was assigned to me under docket number 13-cv-0053. By opinion and order dated August 19, 2013, *inter alia*, plaintiffs' motion to remand the Third Action to the state court was granted on the basis that this Court lacked subject matter jurisdiction because the amount in controversy in that action did not exceed the seventy-five thousand dollars ($75,000.00) jurisdictional limit prescribed by 28 U.S.C. § 1332(a) and the Third Action was remanded to the state court where, according to the parties, it remains pending.

### 2. Current Action

On or about May 10, 2013, plaintiffs, in their capacity as assignees of Bassline, commenced this action in the state court against Intergroove U.S., a named defendant in the Third Action still pending in the state court, and Reichert, who, although referenced in the complaints filed in the prior actions, is named in his individual capacity as a defendant for the first time in this action. The original complaint in this action alleges only one (1) claim seeking, *inter alia*, compensatory and punitive damages for fraud in the inducement, the claim plaintiffs presumably intentionally omitted in the Third Action. The complaint in this action alleges, *inter alia*: (1) that Reichert "made materially false and misleading representations on June 29, 2009, to

---

from a breach of contract claim under New York law[,]" Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 184 (2d Cir. 2007), and, thus, could not be pled in the alternative. Had plaintiffs asserted a separate and distinct claim seeking damages for fraudulent inducement in the Third Action, the amount in controversy in that action would have satisfied the jurisdictional amount set forth in 28 U.S.C. § 1332(a) for this Court to have subject matter jurisdiction over that action.

Plaintiffs by failing to advise them that they [sic] had no intention of paying any further money to [them] even though he stated that the codefendant Intergroove U.S. Inc. was a guarantor of payment and that future payments would be made via Intergroove U.S. Inc.[,]" (Compl., ¶ 25); (2) that Reichert made those representations "knowing that [they] would rely on [them] to their detriment[,]" (Compl., ¶ 26); (3) that they "were induced by, and relied on defendants Intergroove U.S. and Reichert, that payment would be made and that as insurance the defendant had a New York Corporation (Intergroove U.S., Inc.) that would insure said payment, and [they] did not know that the Defendant Intergroove U.S. had no intention of making or guarantying payments[,]" (Compl., ¶ 27); and (4) that Reichert "made such representation knowing that [they] would rely on [it] and continue to deal with Intergroove [Media] because of the false representations[,]" (Compl., ¶ 28). Plaintiffs seek, *inter alia*: (1) judgment declaring that Reichert and Intergroove U.S. "should hold all proceeds they received in a Constructive Trust for the benefit of the Plaintiffs[,]" (Compl., ¶ 32); (2) compensatory damages in the amount of seven hundred sixty-four thousand one hundred two dollars ($764,102.00), which is the same amount of damages they seek to recover on their breach of contract and quasi-contractual claims against Intergroove Media, Intergroove U.S. and the Matthias defendants in the Third Action pending in the state court; and (3) punitive damages in the amount of two million two hundred ninety-two thousand three hundred six dollars ($2,292,306.00). (Compl. at 5).

On August 5, 2013, Reichert filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, removing this action to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

On August 15, 2013, plaintiffs moved pursuant to 28 U.S.C. § 1447(c) to remand this

13

action to the state court. On or about August 29, 2013, Reichert served plaintiffs with a motion to dismiss the complaint pursuant to Rules 12(b)(2),(3) and (6) of the Federal Rules of Civil Procedure. On September 3, 2013, plaintiffs filed two (2) motions pursuant to Rule 12(f) of the Federal Rules of Civil Procedure seeking to strike Reichert's (a) motion to dismiss pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure, and (b) opposition to their motion to remand. On September 18, 2013, Reichert filed his fully-briefed motion to dismiss pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure in accordance with my individual rules. On October 10, 2013, Reichert filed a fully-briefed motion to dismiss this action on the basis of *forum non conveniens*, which had been served upon plaintiffs on September 20, 2013.

On March 26, 2014, almost seven (7) months after Reichert had served them with his motion to dismiss pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure, plaintiffs filed a motion seeking leave to amend their complaint pursuant to Rules 15(a)(2), 19 and 20 of the Federal Rules of Civil Procedure to join Intergroove Media and the Matthias defendants, the same parties against whom they asserted claims involving the same transactions and occurrences relating to the December 2008 Contract in the Third Action that is still pending in the state court, as additional defendants in this action in order to assert a fraudulent inducement claim, the same claim they presumably intentionally omitted against those same defendants in the Third Action, against them. Thus, in addition to the fraudulent inducement claim against Reichert and Intergroove U.S. asserted in the original complaint, the amended complaint alleges, *inter alia*:

> "Throughout 2008 and 2009 Defendants agreed and conspired to defraud plaintiffs as part of a common plan and scheme that [the

14

Matthias defendants] would first falsely misrepresent to plaintiffs that [they] would be acting as agents for plaintiffs' behalf in dealings with Intergroove [Media] while simultaneously concealing their true relationship with Reichert and Intergroove [Media] as paid agents of Intergroove [Media], in order to induce plaintiffs to provide products and services to Intergroove [Media] without defendants ever intending to pay plaintiffs therefore. That all of such conduct by defendants and the defendants' accompanying false representations and fraudulent concealments were performed and/or made with intent by defendants to defraud and deceive the plaintiffs. The plaintiffs did not know the truth and relied upon defendants' false and fraudulent misrepresentations and concealment to [their] detriment.

That such fraud and deceit and the defendants' common scheme and plan to defraud the plaintiffs was wanton, willful, malicious, shocks the public conscience and was criminal in nature thereby entitling plaintiffs to punitive damages.

(Amend. Compl., ¶¶ 40-41). In addition, plaintiffs allege that Reichert and the Matthias defendants failed to inform them that Intergroove U.S. "had filed insolvency proceedings in Germany in March 2003 while still operating in New York State[,]" (Amend. Compl., ¶¶ 46, 48), and that the Matthias defendants made "materially false and misleading representations beginning on June 28[th], 2008 thru [sic] July 9th, 2008, and again on June 29th, 2009, to [them] by failing to advise them that defendants had no intention of paying any further money to [them] even though stated [sic] that the codefendant Intergroove U.S. Inc. was a guarantor of payment and that future payments would be made via Intergroove U.S. Inc.[,]" (Amend. Compl., ¶ 47). The amended complaint seeks the same relief as the original complaint in this action, i.e., compensatory and punitive damages, and the imposition of a constructive trust, albeit against Intergroove Media and the Matthias defendants as well. (Amend. Compl., ¶¶ 53-54 and at 10).

Due to an apparent clerical error, plaintiffs' motion to amend was not docketed until March 31, 2014, during which time the Court was unaware of it. In the interim, the Court issued

15

the March Order, *inter alia*, dismissing plaintiffs' claims against Intergroove U.S. without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure on the basis of fraudulent joinder; denying plaintiffs' motion to remand this action to the state court pursuant to 28 U.S.C. § 1447(c); and deferring decision on Reichert's motions to dismiss this action pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure, and on the basis of *forum non conveniens*, in order to afford him an opportunity to waive his challenge to this Court's personal jurisdiction over him. By letter dated April 1, 2014, Reichert waived his challenge to this Court's personal jurisdiction over him, thereby effectively withdrawing the branch of his first motion seeking dismissal of the complaint against him pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Thus, pending before the Court are: (1) the branches of Reichert's first motion seeking dismissal of the complaint pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure; (2) Reichert's motion seeking dismissal of the complaint on the basis of *forum non conveniens*; and (3) plaintiffs' motions (a) seeking leave to amend the complaint pursuant to Rules 15(a), 19 and 20 of the Federal Rules of Civil Procedure to join Intergroove Media and the Matthias defendants as additional defendants in this action in order to assert a fraudulent inducement claim against them, and (b) seeking reconsideration of the March Order pursuant to Local Civil Rule 6.3 and Rule 54(b) of the Federal Rules of Civil Procedure on the basis, *inter alia*, that the Court overlooked their motion to amend when determining the March Order.[7]

---

[7] Plaintiffs' additional contention that, in determining the March Order, the Court also failed to address their argument that this action must be remanded to the state court because Reichert violated 28 U.S.C. § 1446(b) is without merit. The March Order recognized that plaintiffs made an additional argument for remand based upon a purported procedural violation by indicating that "[i]n addition to arguing that this Court does not have subject matter jurisdiction, plaintiffs

16

II.   DISCUSSION

   A.   Reconsideration

Rule 54(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "any order or other decision * * * that adjudicates * * * the rights and liabilities of fewer than all the parties does not end the action as to any of the * * * parties and may be revised at any time before the entry of a judgment adjudicating * * * all the parties' rights and liabilities."

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Chepilko v. Cigna Life Ins. Co. of N.Y., 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013) (quotations and citations omitted); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued

---

contend, *inter alia*, that remand is required because defendants failed to comply with the procedural requirements of 28 U.S.C. §§ 1446(a) and (d)." (March Order, at 21) (emphasis added). The March Order then specifically addressed only the potential procedural violations allegedly committed by Reichert in removing the action to this Court and determined that even if committed, they did not require that this action be remanded to the state court. As it was clear that Reichert did not violate Section 1446(b) since he filed the notice of removal on the thirtieth (30th) day after his receipt of the complaint, i.e., he was served on July 6, 2013 and filed the notice of removal on August 5, 2013, see Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days * * * exclude the day of the event that triggers the period[.]"), it was unnecessary to consider whether a violation of Section 1446(b) would warrant remanding this action to the state court.

or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013); Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P. 487 B.R. 158, 168 (S.D.N.Y. 2013).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), cert. denied, 133 S. Ct. 1805, 185 L. Ed. 2d 812 (2013) (accord). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (summary order) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Redd v. New York State Div. of Parole, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters * * * were presented to the court on the underlying motion" and that such motions are "not intended as * * * a chance for a party to take a second bite at the apple." (quotations and citations omitted)); (2) advances new arguments or issues that could have been

18

raised on the original motion, <u>Analytical Surveys</u>, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for * * * presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" (quotations and citation omitted)); <u>Redd</u>, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion * * *." (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided," <u>Shrader</u>, 70 F.3d at 257; <u>see also</u> <u>Analytical Surveys</u>, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues * * *." (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. <u>See</u> <u>Callari v. Blackman Plumbing Supply, Inc.</u>, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013); <u>Lexington Ins. Co. v. MGA Entm't, Inc.</u>, 961 F. Supp. 2d 536, 559 (S.D.N.Y. 2013).

Since, *inter alia*, this Court overlooked plaintiffs' motion to amend when determining the March Order, plaintiff's motion for reconsideration is granted. However, for the reasons set forth below, upon (a) consideration of plaintiffs' motion to amend the complaint pursuant to Rules 15(a)(2), 19 and 20 of the Federal Rules of Civil Procedure; (b) reconsideration of so much of the March Order as dismissed plaintiffs' claims against Intergroove U.S. without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure and denied plaintiffs' motion to remand this matter to the state court pursuant to 28 U.S.C. § 1447(c)[8]; and (c) consideration of the branch of Reichert's first motion seeking dismissal of plaintiffs' claims against him pursuant to Rule

---

[8] As plaintiffs' motion to amend has no affect upon so much of the March Order as denied their motions to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, (see March Order at 22-23), the Court did not reconsider that branch of its March Order.

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action: (1) plaintiffs' motion for leave to amend the complaint in this action is denied; (2) the Court adheres to its original determination in the March Order to dismiss plaintiffs' claims against Intergroove U.S. in this action without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure and to deny plaintiffs' motion to remand this matter to the state court pursuant to 28 U.S.C. § 1447(c); (3) the branch of Reichert's first motion seeking dismissal of the complaint against him in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief is granted; and (4) the branch of Reichert's first motion seeking dismissal of the complaint against him in this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and his motion to dismiss this action on the basis of *forum non conveniens*, are denied as moot.

### B.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nonetheless, leave to amend may properly be denied for, *inter alia*, bad faith or "undue prejudice to the opposing party by virtue of allowance of the amendment[.]" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also City of New York v. Group Health Inc., 649 F.3d 151, 157 (2d Cir. 2011) ("The rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith."); AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 725 (2d Cir. 2010) (holding that leave to amend may be denied upon a showing by the non-moving party of prejudice or bad

faith); SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." (emphasis in original)). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." AEP Energy, 626 F.3d at 725-26 (quotations and citation omitted); see also Group Health, 649 F.3d at 157 (2d Cir. 2011) (accord); Ruotolo, 514 F.3d at 192 (accord).

As noted above, in the Third Action that is still pending in the state court, plaintiffs: (1) asserted claims against Intergroove U.S. and the proposed additional defendants, i.e., Intergroove Media and the Matthias defendants, based upon the same transactions and occurrences relating to the December 2008 Contract as are involved in this case, but only sought relief with respect to the invoice they sent to Intergroove Media on April 1, 2009 in the total amount of sixty-six thousand nine hundred fifty dollars ($66,950.00); (2) pleaded all of their claims in their alternative; and (3) omitted the fraudulent inducement claim they had previously asserted in the Second Action against those same defendants, thereby limiting any recovery in that action to no more than sixty-six thousand nine hundred fifty dollars ($66,950.00). Manney v. Intergroove Media GMBH, No. 13-cv-0053, at 7 (E.D.N.Y. filed Aug. 19, 2013). In opposing plaintiffs' motion to remand the Third Action to the state court pursuant to 28 U.S.C. § 1447(c), Reichert contended, *inter alia*, that the sum demanded in the complaint in the Third Action was not entitled to deference because it was not made in good faith as required by 28 U.S.C. § 1446(c)(2). In rejecting that argument, this Court held, in relevant part:

21

"[I]t is not for this Court to speculate as to the reason why plaintiffs omitted previously asserted claims in [the Third] [A]ction. It could just as easily be a legitimate act, e.g. that plaintiffs chose to omit the claims in order to pursue only their remaining claims in state court, their obviously preferred venue, as it is an act of bad faith gamesmanship, e.g., plaintiffs chose to omit the claims in order to prevent removal, but intend to amend their complaint once in state court to add the omitted claims or assert additional claims that could have been asserted in the original complaint.

* * *

Plaintiffs are free to choose the claims to assert in their complaint and to omit previously asserted claims in order to limit their recovery to below the jurisdictional amount of this Court, even though they may be entitled to more. [] See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 2d 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") If it turns out that plaintiffs, in fact, omitted the previously asserted claims solely to prevent the removal of this action to this Court and plaintiffs amend their complaint once in state court to re-plead the omitted claims, or any other claim which could have been asserted in the original complaint, thus raising the amount in controversy above the jurisdictional amount, Intergroove Media may again remove the action to this Court. See 28 U.S.C. §§ 1446(b)(3) ("Except as provided in subsection (c), if the case started by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable") and (c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*" (emphasis added)). If such is plaintiffs' intent, the only result to them will be a delay of any recovery on their claims against defendants. Since this Court lacks original jurisdiction over this action at this time, plaintiffs' motion to remand this action to the

22

state court pursuant to 28 U.S.C. § 1447(c) is granted."

Id. (footnotes omitted). Accordingly, plaintiffs' motion to remand the Third Action to the state court was granted on the basis that this Court did not have subject matter jurisdiction over that action because the amount in controversy did not exceed the seventy-five thousand dollar ($75,000.00) jurisdictional amount prescribed by 28 U.S.C. § 1332(a).

What this Court did not anticipate in the Third Action, however, was that plaintiffs would devise a similar act of bad faith gamesmanship than that foreshadowed in the August 19, 2013 order in the Third Action, i.e., they would file a new action in the state court, i.e., this action, (a) against (i) a party, Reichert, who, although referenced in the complaints filed in the previous three (3) actions in his capacity as Intergroove Media's managing director, had not been individually named in any of those previous actions, and (ii) Intergroove U.S., against which they already had claims pending in the Third Action in the state court and which, as set forth in the March Order, was fraudulently joined in this action in order to defeat this Court's diversity jurisdiction under 28 U.S.C. § 1332(a); (b) involving the same transactions and occurrences relating to the December 2008 Contract as the previous three (3) actions and seeking to recover the total amount of all of the unpaid invoices that they sent to Intergroove Media, including the April 1, 2009 invoice for which they are currently seeking recovery from Intergroove U.S. and the proposed additional defendants in the Third Action that is still pending in the state court; and (c) then seek leave to amend the complaint in this action to add three (3) of the defendants named in the Third Action as additional defendants in this action in order to assert the very same fraudulent inducement claim that they presumably intentionally omitted in the Third Action in order to limit the amount in controversy in that action to below the jurisdictional amount

23

prescribed by 28 U.S.C. § 1332(a).

Instead of commencing this action, plaintiffs could have, and should have, moved in the Third Action pending in the state court for leave to amend the complaint in that action to join Reichert as an additional defendant and to assert any additional claims involving the same transactions and occurrences relating the December 2008 Contract, including their fraudulent inducement claims, therein. Presumably, plaintiffs did not do so, and commenced this action in lieu of moving the state court for leave to amend the complaint in the Third Action, in order to circumvent the outcome projected by this Court in its August 19, 2013 order in the Third Action, i.e., to prevent the Third Action from again be removed to this Court under 28 U.S.C. §§ 1446(b)(3) and (c)(1). Clearly, plaintiffs' request for leave to amend their complaint in this action is, thus, done in bad faith.[9]

Furthermore, Reichert, Intergroove U.S. and/or the proposed additional defendants would be unduly prejudiced by allowing plaintiffs to amend their complaint in this action because, *inter alia*, (1) they would need to expend significant resources to defend this action, much of which will be duplicative of the resources they already expended in not only this action, but the previous actions commenced against them, individually or in their representative capacity, by

---

[9] Plaintiffs' failure to seek leave to amend their complaint for almost seven (7) months after Reichert served them with his first motion seeking dismissal of their claims against him pursuant to, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief is further evidence of their bad faith in this action, especially considering that their proposed amended complaint would, in essence, constitute the fourth time plaintiffs have repleaded Bassline's claims relating to the December 2008 Contract since Bassline filed the complaint in the First Action, yet they allege, for the first time in the four (4) years and eight (8) months litigation history between the parties hereto, new "facts" which seemingly cure the defects in their fraudulent inducement claim identified by Reichert in his first motion to dismiss, e.g., that the misrepresentations were made during the December 2008 meeting, etc.

plaintiffs as well,[10] and which they will continue to expend in the Third Action that is still pending in the state court; (2) the amendment would further delay the litigation between these parties based upon the same transactions and occurrences relating to the December 2008 Contract, which already spans a period of approximately four (4) years and eight (8) months; and (3) they would be exposed to a substantial risk of inconsistent results since the Third Action remains pending in the state court. Accordingly, plaintiffs' motion for leave to amend the complaint pursuant to Rules 15(a)(2), 19 and 20 of the Federal Rules of Civil Procedure is denied on the grounds of bad faith and undue prejudice.[11]

---

[10] Although Intergroove Media never appeared in the First Action commenced by Bassline, (1) in the Second Action commenced by plaintiffs against Intergroove U.S. and the proposed additional defendants, Intergroove Media and the Matthias defendants, *inter alia*, (a) removed that action to this Court, (b) opposed plaintiffs' motions (i) to remand that action to the state court, (ii) for reconsideration of the Court's November 30, 2011 order in that action and (iii) for relief from the Court's September 28, 2012 order denying their motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and (c) filed two (2) motions seeking dismissal of the complaint in that action pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure, and on the basis of *forum non conveniens*, respectively; (2) in the Third Action commenced by plaintiffs against Intergroove U.S. and the proposed additional defendants, Intergroove Media (a) removed that action to this Court, (b) opposed plaintiffs' motion to remand that action to the state court, and (c) filed two (2) motions seeking dismissal of the complaint in that action pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure, and on the basis of *forum non conveniens*, respectively; and (3) in this action, Reichert, Intergroove Media's managing director, (a) removed this action to this Court, (b) opposed plaintiffs' motion to remand this action to the state court, and (c) filed two (2) motions seeking dismissal of the complaint in this action pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure, and on the basis of *forum non conveniens*, respectively. Thus, defendants have already had to defend multiple, repetitive litigations commenced by plaintiffs over an approximate four (4) year and eight (8) months period even without allowing plaintiffs a fifth bite of the apple.

[11] In any event, the proposed amended complaint does not cure the pleading deficiencies in plaintiffs' claims against Intergroove U.S. and Reichert. Plaintiffs' allegations, "upon information and belief," that Intergroove U.S. "acted as a mere instrumentality of Intergroove [Media], subject to the complete control and domination of Intergroove [Media] and doing business and operating as Intergroove [Media] in the United States and has been in all respects

Since plaintiffs' motion to amend their complaint is denied, and there is no other basis for

reconsidering the March Order, the Court adheres to its determination of the March Order, *inter*

*alia*, to dismiss plaintiffs' claims against Intergroove U.S. without prejudice pursuant to Rule 21

of the Federal Rules of Civil Procedure and to deny plaintiffs' motion to remand this action to

the state court pursuant to Rule 28 U.S.C. § 1447(c).


C.      Reichert's Motions to Dismiss

In the March Order, this Court deferred decision on Reichert's motions to dismiss the

complaint against him in order to afford him an opportunity to waive his challenge to this Court's

*in personam* jurisdiction so that the Court could address the merits of plaintiffs' claims against

him. (March Order at 23-24). By letter dated April 1, 2014, Reichert waived his challenge to

this Court's *in personam* jurisdiction, (Doc. No. 61), thereby effectively withdrawing the branch

of his first motion seeking dismissal of the complaint against him pursuant to Rule 12(b)(2) of

---

the alter ego of Intergroove [Media]," (Amend. Compl., ¶ 8), which are unsupported by any
factual allegations, are "no more than conclusions[] [that] are not entitled to the assumption of
truth." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
Plaintiffs' similarly unsupported allegation that Reichert's, Intergroove U.S.'s and the Matthias
defendants' conduct "was wanton, willful, malicious, shocks the public conscience and was
criminal in nature thereby entitling [them] to punitive damages," (Amend. Compl., ¶ 41), is also
conclusory and, therefore, "not entitled to the assumption of truth." Iqbal, 556 U.S. at 678, 129
S. Ct. 1937. In addition, plaintiffs conclusory allegations of a conspiracy between Reichert and
the Matthias defendants, absent any factual allegations from which a meeting of the minds may
reasonably be inferred, are insufficient to state a claim. See Anderson News, L.L.C. v. American
Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied sub nom Curtis Circulation Co. v.
Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) ("Conclusory allegations of
participation in a conspiracy have long been held insufficient to state a claim." (quotations and
citation omitted)); Robinson v. Allstate Ins. Co., 508 F. App'x 7, 9-10 (2d Cir. Jan. 22, 2013)
(summary order) (affirming dismissal of conspiracy claim because the plaintiff "failed to provide
any factual basis supporting a meeting of the minds[] [and] merely [made] conclusory statements
that there was a conspiracy.")

the Federal Rules of Civil Procedure.

1.    Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); Grullon v. City of New Haven, 720 F.3d

133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013) (accord). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014). Accordingly, the Court has considered only plaintiffs'

allegations in their complaint in this action in determining the branch of Reichert's motion

seeking dismissal of the complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.

2.     Fraudulent Inducement

As set forth in the March Order, New York law applies to plaintiffs' fraudulent

inducement claim against Reichert. To state a claim for fraudulent inducement under New York

law, plaintiffs "must allege: (i) a material misrepresentation of a presently existing or past fact;

(ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by [plaintiffs]; and (iv)

resulting damages." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 143 (2d Cir. 2011); see

also Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 62 (2d Cir. 2012) (accord);

Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 178, 919 N.Y.S.2d 465, 944 N.E.2d 1104

(N.Y. 2011) ("Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege a

misrepresentation or a material omission of fact which was false and known to be false by

defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of

the other party on the misrepresentation or material omission, and injury[.]" (quotations and

citation omitted)).

a.     Material Misrepresentation of a Presently Existing or Past Fact

The only misrepresentations alleged in the original complaint in this action are that

Reichert "made materially false and misleading representations on June 29, 2009, to Plaintiffs by

failing to advise them that they [sic] had no intention of paying any further money to [them] even

29

though he stated that the codefendant Intergroove U.S. Inc. was a guarantor of payment and that future payments would be made via Intergroove U.S. Inc." (Compl., ¶ 25; see also Compl., ¶ 19).

For purposes of a fraudulent inducement claim, an alleged misrepresentation is "material" if "it influenced the party's decision to enter into the contract." Sheffield Commercial Corp. v. Clemente, 792 F.2d 282, 285 (2d Cir. 1986); see also Banque Franco-Hellenique de Commerce International et Maritime, S.A. v. Christophides, 106 F.3d 22, 26 (2d Cir. 1997) ("A party asserting fraud must be warranted in taking the misrepresented matter into account when deciding to act * * *. [That] requirement is materiality * * *."); Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 448-49 (E.D.N.Y. 2013) ("Materiality refers to statements that are sufficiently important or relevant to influence the plaintiff's decision.") Moreover, "fraudulent inducement claims necessarily involve actions that predate the signing of a contract * * *." Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 99 (2d Cir. 1999).

Since Reichert's purported misrepresentations to plaintiffs during the June 29, 2009 meeting were made more than six (6) months after plaintiffs entered into the December 2008 Contract with Intergroove Media, they could not have influenced plaintiffs' decision to enter into that contract and, thus, are not material.[12]

---

[12] Even affording the assumption of truth to plaintiffs' newly-raised allegations in their proposed amended complaint that Reichert made a similar misrepresentation to plaintiffs during the December 2008 meeting, i.e., "that initial payments would be tendered from the Intergroove [Media] office in Germany and that [Intergroove] U.S. would be used as a guarantor if the German Intergroove [Media] office failed to make payments for services," (Amend. Compl., ¶ 24); that P. Matthias made a similar misrepresentation; and that plaintiffs reasonably relied upon such misrepresentations in entering into the December 2008 Contract, those misrepresentations, though arguably material, were merely promissory statements of what would be done in the future in the event of a default in payment by Intergroove Media and, thus, were not "of a

### b.    Reasonable Reliance

Although plaintiffs conclusorily claim in their original complaint in this action that they "were induced by, and relied on defendants Intergroove U.S. and Reichert, that payment would be made and that as insurance the defendant had a New York Corporation (Intergroove U.S., Inc.) that would insure said payment, and [they] did not know that the Defendant Intergroove U.S. had no intention of making or guarantying payments[,]" (Compl., ¶ 27), they do not assert any facts from which it may reasonably be inferred that they did, or did not do, anything in reliance upon Reichert's statements other than to continue demanding payment of the money allegedly due them under the December 2008 contract. Since such conclusory allegations are "not entitled to

---

presently existing or past fact." Johnson, 600 F.3d at 143; see Merrill Lynch, 500 F.3d at 184 ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement."); AXA Versicherung AG ex rel. Albingia Versicherungs AG v. New Hampshire Ins. Co., 348 F. App'x 628, 629 (2d Cir. Oct. 6, 2009) (summary order) ("Merely falsely indicating an intent to perform under a contract is not sufficient to support a claim of fraud under New York law." (quotations and citation omitted)).  In any event, although misrepresentations that are "collateral or extraneous to the contract," may support a fraudulent inducement claim based upon "intentionally-false statements * * * indicating [an] intent to perform under the contract," Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d Cir. 1996), the alleged fraudulent misrepresentation by Reichert relates only to Intergroove Media's purported obligation to make payments under the December 2008 Contract and, thus, is not collateral or extraneous to the contract.  Nor do plaintiffs allege that Reichert or Intergroove U.S. owed them any "legal duty separate from [Intergroove Media's] duty to perform under the contract," i.e., that Reichert occupied "a position of trust or special confidence with regard to plaintiffs," or "seek any "special damages that are caused by the misrepresentation and unrecoverable as contract damages," since, as set forth below, their claim for punitive damages fails as a matter of law. Bridgestone/Firestone, Inc., 98 F.3d at 20.  Accordingly, the proposed amended complaint fails to state a plausible claim of fraudulent inducement under New York law and, thus, even if leave to amend was not denied on the basis of plaintiffs' bad faith and the undue prejudice to Reichert, Intergroove U.S. and the proposed additional defendants, it would be denied as futile.  See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.")

the assumption of truth," Iqbal, 556 U.S. at 680, 129 S. Ct. 1937, the complaint fails to state a plausible claim against Reichert for fraudulent inducement under New York law.

c.    Damages

Under New York law, plaintiffs must establish that they suffered losses that were "the direct, immediate, and proximate result of the misrepresentation." Kregos v. Associated Press, 3 F.3d 656, 665 (2d Cir. 1993); see also Kaye v. Grossman, 202 F.3d 611, 614 (2d Cir. 2000) ("To prove damage in a fraud action, a plaintiff must demonstrate that the defendant's conduct proximately caused her economic harm. * * * [T]he plaintiff must have suffered losses as a direct, immediate, and proximate result of the defendant's misrepresentation." (quotations and citations omitted)); Banque Franco-Hellenique, 106 F.3d at 27 ("The recipient of misleading information must prove that the misrepresentation proximately caused his injury.") "An injury is proximately caused by the fraud if it is a natural or probable consequence of the defrauder's misrepresentation or if the defrauder ought reasonably to have foreseen that the injury was a likely consequence of the fraud." Banque Franco-Hellenique, 106 F.3d at 27; see also Suez Equity Investors, L. P. v. Toronto-Dominion Bank, 250 F. 3d 87, 105 (2d Cir. 2001) (accord). Moreover, "[t]he damages must also be independent of other causes." Kregos, 3 F.3d at 665; see also Revak v. SEC Realty Corp., 18 F.3d 81, 89-90 (2d Cir. 1994) ("The requisite causation [for a common law fraud claim under New York law] is established only where the loss complained of is a direct result of the defendant's wrongful actions and independent of other causes."); Bennett v. U.S. Trust Co. of New York, 770 F.2d 308, 316 (2d Cir. 1985) ("To establish the required causation, the plaintiff must show that the loss was a direct result of the defendant's

wrongful actions and that it was independent of other causes." (quotations, brackets and citation omitted)). "The absence of adequate causation is * * * fatal to a common law fraud claim under New York law." Bennett, 770 F.2d at 316; see also Revak, 18 F.3d at 89.

With the exception of their claim for punitive damages, which are not recoverable against Reichert because his purported statements were neither "sufficiently egregious" nor "part of a pattern of behavior aimed at the public generally," Schonfeld v. Hilliard, 218 F.3d 164, 183-84 (2d Cir. 2000); see also New York. Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995); Rocanova v. Equitable Life Assurance Soc'y of United States, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994), the damages plaintiffs seek in this case are the same damages recoverable for breach of the December 2008 Contract, i.e., plaintiffs seek only to recover what they would have been paid under the December 2008 Contract but for Intergroove Media's purported breach of that contract. Thus, plaintiffs are clearly attempting to recoup only their contract damages. Lehman v. Dow Jones & Co., Inc., 783 F.2d 285, 296 (2d Cir. 1986) (affirming dismissal of the plaintiff's fraud claim because the plaintiff's request "for $950,000.00, which is what he would have been paid under the alleged oral agreement, [was] clearly an attempt to recoup his 'loss-of' benefit or contract damages" and the plaintiff "neither claimed a specific injury flowing from his reliance on [the defendant's] alleged misrepresentations nor adduced facts sufficient to permit an inference of such injury.") Moreover, the complaint is bereft of any factual allegations from which it may reasonably be inferred that plaintiffs suffered any actual pecuniary losses above their contract damages as a direct result of the alleged misrepresentations by Reichert. Since plaintiffs do not allege that Reichert's purported misrepresentations "resulted in any loss independent of the damages

allegedly incurred for breach of [the December 2008 Contract]," LIUS Grp. Int'l Endwell, LLC

v. HFS Int'l, Inc., 92 A.D.3d 918, 920, 939 N.Y.S.2d 525 (N.Y. App. Div. 2012); see also Lee v.

Matarrese, 17 A.D.3d 539, 540, 793 N.Y.S.2d 457 (2d Dept. 2005) (holding that the fraud claim

should have been dismissed because, *inter alia*, "the damages [the plaintiffs] sought to recover

[were] the same damages recoverable for breach of contract"), and the complaint is devoid of any

factual allegations from which it may reasonably be inferred that plaintiffs sustained an actual

pecuniary loss as a direct and proximate result of Reichert's purported misrepresentations, the

complaint fails to state a plausible fraudulent inducement claim against Reichert. Accordingly,

the branch of Reichert's first motion seeking dismissal of plaintiffs' claims against him pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiffs' claims against

Reichert are dismissed in their entirety with prejudice for failure to state a claim for relief.[13]


III.    Conclusion

For the reasons stated herein, plaintiffs' motion seeking leave to amend their complaint in

this action pursuant to Rules 15(a)(2), 19 and 20 of the Federal Rules of Civil Procedure is

denied; plaintiffs' motion seeking reconsideration of this Court's March Order pursuant to Local

Civil Rule 6.3 and Rule 54(b) of the Federal Rules of Civil Procedure is granted, but, upon

reconsideration, the Court adheres to its determination in the March Order to dismiss plaintiffs'

claims against Intergroove U.S. without prejudice pursuant to Rule 21 of the Federal Rules of

---

[13] In light of this determination, the branch of Reichert's first motion seeking dismissal of the
complaint against him pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for
improper venue, and his motion seeking dismissal of the complaint on the basis of *forum non
conveniens*, are denied as moot.

Civil Procedure and to deny plaintiffs' motion to remand this action to the state court pursuant to 28 U.S.C. § 1447(c); the branch of Reichert's first motion seeking dismissal of plaintiffs' claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiffs' claims against Reichert are dismissed in their entirety with prejudice for failure to state a claim for relief; and the branch of Reichert's first motion seeking dismissal of the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue, and his motion seeking dismissal of the complaint on the basis of *forum non conveniens*, are denied as moot.

The Clerk of the Court shall enter judgment in favor of Reichert in this action, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order on all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 26, 2014
Central Islip, N.Y.